UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN F. VERNACCHIO,<br><br>    Plaintiff,<br><br>    v.<br><br>RON DAVIS, et al.,<br><br>    Defendants. | Case No. 19-cv-07171-SI<br><br>**ORDER FOR SERVICE ON TWO DEFENDANTS AND EXTENDING DEADLINES FOR DISPOSITIVE MOTION**<br><br>Re: Dkt. Nos. 12, 16 |

A. <u>Amendment To Complaint</u>

In an order filed February 11, 2020, the Court determined that plaintiff's complaint stated claims against five defendants for violations of plaintiff's rights under the Equal Protection Clause to the Fourteenth Amendment and under the Age Discrimination in Employment Act (ADEA) based on his allegations that he had been terminated from his prison job due to his age. Service of process was ordered on three defendants and plaintiff was instructed to provide true names for two persons sued as Doe defendants so they could be served with process.

Plaintiff now moves to amend his complaint, seeking to add paragraphs to his existing complaint. Docket No. 12. The court treats those paragraphs in Docket No. 12 at 4-8 as an amendment to his complaint, rather than an amended complaint that would supersede the complaint. The amendment provides the true names of the two persons sued as Doe defendants – i.e., associate warden Y. Samara and CCII supervisor B. Martin -- and presents an additional "claim" that his removal from his job prevented him from earning "milestone" time credits for having a job and thereby delayed his release from prison.

The motion to amend is GRANTED. Docket No. 12. The complaint, as amended, states cognizable equal-protection and ADEA claims against defendants Davis, Smith, Tootell, Samara,

and Martin. Defendants Davis, Smith and Tootell have appeared in this action; defendants Samara and Martin now must be served with process, as will be ordered below.

The amended complaint does not state a separate claim under 42 U.S.C. § 1983 for plaintiff's exclusion from a program that might entitle him to earn "milestone" credits. After Proposition 57 was passed in November 2016, new regulations were issued that allowed inmates to earn certain time credits. *See People v. Contreras*, 4 Cal.5th 349, 374 (2018), *as modified* (Apr. 11, 2018)); *see also* Cal. Code Regs. tit. 15, § 3043(b) ("[a]ll eligible inmates shall have a reasonable opportunity to earn Good Conduct Credit, Milestone Completion Credit, Rehabilitative Achievement Credit, and Educational Merit Credit in a manner consistent with the availability of staff, space, and resources, as well as the unique safety and security considerations of each prison."). If milestone credits are awarded, the inmate is entitled to release from prison and apparently parole sooner than would otherwise occur. When, as here, a prisoner challenges actions which affect the legality or duration of his custody, and a determination of the action may result in entitlement to an earlier release, the sole remedy is a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). Plaintiff's claim that prison officials' actions deprived him of milestone time credits to which he otherwise was entitled would, if successful, entitle him to be released from prison or parole sooner than would otherwise occur, must be pursued in a petition for writ of habeas corpus under 28 U.S.C. § 2254 rather than a complaint under 42 U.S.C. § 1983, if he pursues it at all in federal court. *See generally Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) (civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as petition for writ of habeas corpus).

B. Defendants' Request For An Extension Of Deadline

Defendants have requested a 60-day extension of the deadline to file and serve a dispositive motion. Upon due consideration of the request and the declaration of Daniel Duan in support thereof, the court GRANTS the request. Docket No. 16. 3. The following new briefing schedule for dispositive motions is now set: No later than **August 14, 2020**, defendants must file and serve a motion for summary judgment or other dispositive motion. No later than **September 11, 2020,**

1  plaintiff must file and serve his opposition to the motion for summary judgment or other dispositive
2  motion.  No later than **September 25, 2020**, defendants must file and serve their reply brief.

C. Directions To Clerk For Service of Process On Two Defendants

The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, and a copy of the complaint (Docket No. 1), the amendment to the complaint (Docket No. 12), the order of service (Docket No. 7), and a copy of this order upon the following two persons who apparently work at San Quentin State Prison:  (1) Associate Warden Y. Samara and (2) CCII Supervisor B. Martin.

The deadlines for dispositive motions set out above apply to these two defendants as well as the three defendants who already have been served.  And the information provide in the order of service applies to these two defendants as well as all the other parties.

**IT IS SO ORDERED**.

Dated: May 19, 2020

SUSAN ILLSTON
United States District Judge